IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ) <br> E-MAIL ACCOUNTS IDENTIFIED BY ) <br> USER ACCOUNTS MAINTAINED ON ) <br> COMPUTER SERVERS OPERATED BY ) <br> YAHOO! INC., HEADQUARTERED AT ) <br> 701 FIRST AVENUE, ) <br> SUNNYVALE, CALIFORNIA ) | Case No. _____ <br><br> **UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR SEARCH WARRANT**

I, John Edward Marsh , an Investigator for the District of Columbia United States Attorney's Office (USAODC) , having been duly sworn, depose and state as follows:

**Introduction and Agent Background**

1. I make this affidavit in support of an application for a search warrant for an account controlled by the free web-based electronic mail service provider Yahoo! Inc., (hereinafter, "Yahoo") headquartered at 701 First Avenue, Sunnyvale, California. The accounts to be searched are: **xdb2, xdbiiiiiiiiiiiiiiiiiiiiiiiiiiiiii, and dick face**  For the reasons detailed below, I respectfully submit that there is probable cause to believe that on the computer systems of Yahoo there exists evidence, fruits, and instrumentalities of the crime of distribution and possession of child pornography, in violation of 18 U.S.C. §§ 2252 and 2252A.

2. I have been employed as a Criminal Investigator of the United States Attorney's Office, since September 2003, and have approximately 18 years law enforcement experience including reaching the rank of Detective Sergeant with the United States Park Police. I have experience in vice-related investigations and have participated in over 2000 arrests.  I have gained expertise in the conduct of computer-based crime investigations through formal training and on-the-job training with more experienced agents.  I have been involved in investigations of violent crime, cyber-crime, including online enticement of minors, and child pornography.  I have gained experience conducting such investigations through training and everyday work related to these investigations.

3. In my training and experience, I have learned that Yahoo is a company that provides free web-based Internet electronic mail ("e-mail") access to the general public and that stored electronic communications, including opened and unopened e-mail for Yahoo subscribers may be located on the computers of Yahoo.  Further, I am aware that computers located at Yahoo contain information and other stored electronic communications belonging to unrelated third parties.  Accordingly, this affidavit and application for search warrant seek authorization to search solely the computer account and files following the procedures described herein and in Attachment A (which accompanies and is hereby incorporated in this affidavit and application) and to require Yahoo to respond in compliance with the procedures described herein and in Attachment A.

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause for a warrant to search the e-mail accounts known as **xdb2, xdbiiiiiiiiiiiiiiiiiiiiiiiiiiiiii, and dick**

**face,** I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. The information contained in this affidavit is based upon investigation conducted by myself and other law enforcement officers.

### Background Regarding Computers, the Internet, and E-mail

5. The term "computer" as used herein is defined in 18 U.S.C. § 1030(e)(1), and includes an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

6. Based on my training, I know the following:

    a. The Internet is a worldwide network of computer systems operated by governmental entities, corporations, and universities. In order to access the Internet, an individual computer user must subscribe to an access provider, which operates a host computer system with direct access to the Internet. The world wide web ("www") is a functionality of the Internet which allows users of the Internet to share information.

    b. With a computer connected to the Internet, an individual computer user can make electronic contact with millions of computers around the world. This connection can be made by any number of means, including modem, local area network, wireless and numerous other methods.

    c. E-mail is a popular form of transmitting messages and/or files in an electronic environment between computer users. When an individual computer user sends e-mail, it is initiated at the user's computer, transmitted to the subscriber's mail server, then transmitted to its final destination. A server is a computer that is attached to a dedicated network and serves many users. An e-mail server may allow users to post and read messages and to communicate via electronic means. Instant Messenger is a service provided by Yahoo which allows users to communicate directly with one another with user-created screen names and associated profiles.

### Background Regarding Yahoo

7. Based on my training, I have learned the following about Yahoo:

    a. Yahoo is an e-mail service available free of charge to Internet users. Subscribers obtain an account by registering on the Internet with Yahoo. Yahoo requests subscribers to provide basic information, such as name, gender, zip code and other personal/biographical information. However, Yahoo does not verify the information provided.

    b. Yahoo maintains electronic records pertaining to the individuals and companies for which it maintains subscriber accounts. These records include account access information, e-mail transaction information, and account application information.

    c. Subscribers to Yahoo may access their accounts on servers maintained and/or owned by Yahoo from any computer connected to the Internet located anywhere in the world.

   d. Any e-mail that is sent to Yahoo subscribers is stored in the subscriber's "mail box" on Yahoo servers until the subscriber deletes the e-mail or the subscriber's mailbox exceeds the storage limits preset by Yahoo. If the message is not deleted by the subscriber, the account is below the maximum limit, and the subscriber accesses the account periodically, that message can remain on Yahoo servers indefinitely.

   e. When the subscriber sends an e-mail, it is initiated at the user's computer, transferred via the Internet to Yahoo's servers, and then transmitted to its end destination. Yahoo users have the option of saving a copy of the e-mail sent. Unless the sender of the e-mail specifically deletes the e-mail from the Yahoo server, the e-mail can remain on the system indefinitely. The sender can delete the stored e-mail message, thereby eliminating it from the e-mail box maintained at Yahoo, but that message will remain in the recipient's e-mail box unless the recipient deletes it as well or unless the recipient's account is subject to account size limitations.

   f. A Yahoo subscriber can store files, including e-mails and image files, on servers maintained and/or owned by Yahoo.

   g. E-mails and image files stored on a Yahoo server by a subscriber may not necessarily be located in the subscriber's home computer. The subscriber may store e-mails and/or other files on the Yahoo server for which there is insufficient storage space in the subscriber's computer and/or which he/she does not wish to maintain in the computer in his/her residence. A search of the files in the computer in the subscriber's residence will not necessarily uncover the files that the subscriber has stored on the Yahoo server.

   h. Computers located at Yahoo contain information and other stored electronic communications belonging to unrelated third parties. Accordingly, this affidavit and application for search warrant seek authorization solely to search the computer accounts and/or files following the procedures described herein and in Attachment A.

   i. The e-mail accounts known as **xdb2, xdbiiiiiiiiiiiiiiiiiiiiiiiiiiiiii, and dick face**, are controlled by the free web-based electronic mail service provider known as Yahoo and are maintained by Yahoo in the United States. The information requested by this search warrant is located on the Yahoo computer network maintained at the company's U.S. facilities.

### Facts Supporting Probable Cause

 8. The defendant in this investigation, David Webb, is described as a male, date of birth February 7, 1961, social security number 152-581-1146 and resides at 117 Grant Street, Elkins, West Virginia.

 This investigation began on January 25, 2006, during a computer training exercise at the American Prosecutors Research Institute in Dulles, Virginia. Your affiant was attending a class titled "Safety Net: Multi-Disciplinary Investigation and Prosecution of Computer-Facilitated Child Sexual Exploitation." The computer exercise consisted of your affiant communicating with individuals in "Yahoo Messenger." To do this, your affiant created a profile in the Yahoo Messenger address book, portraying himself to be a 15 year-old boy using a screen name of "youngyflyerboy." Your affiant communicated with individuals in this online "chat" using instant text messages (IM).

During one of these conversations, your affiant engaged in an IM conversation with an individual who used the screen name "xdbiiiiiiiiiiiiiiiiiiiiiiiiiiii." Your affiant then received an email from an individual using the screen name "dick face." The sender's IM dialog with your affiant revealed that "dick face" and "xdbiiiiiiiiiiiiiiiiiiiiiiiiiiii," were the same person. The IM dialogue then switched to the screen name "dick face," within the same ongoing chat. The sender apologized for the content of the screen name, saying he was upset with someone. Your affiant then traced the Internet Protocol (IP) address from the sending node in the "dick face" email to the Clarksburg, East, Verizon Pool of (IP) addresses. These IP addresses are an assigned set of (IP) addresses covering Elkins, West Virginia. On February 22, 2006, Verizon confirmed that the IP address from which the January 25, 2006 email was sent belonged to subscriber David Webb, with an address of 117 Grant Street, Elkins, West Virginia.

The "dick face" messenger then indicated he would like to meet the "youngyflyerboy" and requested a phone number. Your affiant responded that he could not take incoming calls due to a restriction placed by the "youngyflyerboy" parents. The "dickface" messenger then gave your affiant the telephone number (304) 636-5938. On January 25, 2006, your affiant called the telephone number supplied. The subject who answered the call line identified himself as "Don." The subject said he was 37 years-old and lived in Elkins, West Virginia. On February 22, 2006, your affiant learned from Verizon that this number was previously assigned to a Donald Brent Bushers Jr., but that on March 10, 2005, this number was re-assigned to subscriber David Webb at 117 Grant Street, Elkins, West Virginia.

During the January 25, 2006, IM conversation, Webb asked your affiant if he was 15 years of age, indicating that Webb had looked at the "youngyflyerboy" profile in the Yahoo Messenger Address Book. Your affiant informed Webb that he was actually 14 years old. The conversation quickly turned to sex and pictures. Webb then sent your affiant a series of nine images over the internet portraying young males naked. Some of the pictures depicted these young males engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256.

On January 30, 2006, Investigator your affiant took the images received from Webb on January 25, 2006, to the National Center for Missing and Exploited Children (NCMEC) for analysis. The images were compared with NCMEC's Child Recognition & Identification System (CRIS). The analysis resulted in one of the images being identified as a known juvenile, (i.e. under age 18), in the database. This image bears the file name:

**/!!!!![Preteen Boys} - cum ozzing out of his tight young hole(1).jpg**   This image depicts an older man's hands around the bent over buttocks of a young white male juvenile with the juvenile's anus visible and a white cream dripping from it.

On February 15, 2006, United States Attorney's Office Criminal Investigator John Regan assumed the "youngyflyerboy" profile. Investigator Regan has been employed as a Criminal Investigator since January 2004. From 1997 to January 2004, Investigator Regan was a member of the Washington, DC Metropolitan Police Department (MPD). While working for MPD, Investigator Regan served as a Seventh District Patrol Officer, a Third District Robbery Detective and as a

Homicide Detective in the Violent Crimes Branch.  As a Criminal Investigator for the USAO-CIU-DC, Investigator Regan conducts investigations involving possible violations of various criminal statutes in furtherance of cases being investigated by prosecutors in the United States District Court for the District of Columbia and District of Columbia Superior Court Criminal Divisions.  As a law enforcement officer Investigator Regan has received training and on-the-job experience in sex offense related crimes, as well as crime scene integrity and evidence recovery, to include training in computer related crimes.  Investigator Regan has been involved in hundreds of investigations, most of which focus on violent crimes to include sex offense cases against minors, committed in the District of Columbia.

On February 15, 2006,  Investigator Regan engaged Webb in further IM conversation.  During that IM conversation Webb electronically sent three pictures of what appeared to be a male masturbating and ejaculating.  During the same  IM conversation, Webb described a variety of lewd sex acts he would like to engage in with "youngyflyerboy."  Investigator Regan conducted this IM conversation from a secure computer in the District of Columbia, and was sent the above-described pictures while in the District of Columbia.

On February 16, 2006, Investigator Regan went online again posing as "youngyflyerboy." Investigator Regan engaged Webb in further IM conversation. During this IM conversation, Webb sent Investigator Regan over seventy pictures.  Some of those pictures depicted young males engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256.  During the IM conversation, Webb again described a variety of lewd sex acts he would like to engage in with "youngyflyerboy." Investigator Regan conducted this IM conversation from a secure computer in the District of Columbia and was sent the above-described pictures while in the District of Columbia.

On February 17, 2006, Investigator Regan delivered the pictures received on February 16, 2006, to the NCMEC for analysis using their CRIS.  Eight images were identified as those of known juvenile victims of child abuse in the database. These images and their description are listed below:

| File | Description |
|---|---|
| **/021606/2 young boys 15yr jacking.jpg** | This image depicts two white male juveniles rubbing their penises in unison while laying on their backs. |
| **/021606/3 preteen boys with dildo.jpg** | This image depicts a white male juvenile with genitals exposed atop a second white male juvenile with a third white male juvenile inserting a dildo into the first juvenile's anus. |
| **/021606/2_2_Preteen Boys 08 (1).jpg** **/021606/2_2_Preteen Boys 08.jpg** **/2_2_Preteen Boys 08 (1).jpg** **/2_2_Preteen Boys 08.jpg** | This series of four photos depicts a white male juvenile providing fellatio to another white male juvenile. |
| **/021606/[gay pict] (preteen) (ƒVƒ‡ƒ^) Preteen Nude Boys cum for pic.jpg** **/[gay pict] (preteen) (ƒVƒ‡ƒ^)Preteen Nude Boys cum for pic.jpg** | This series of two photos depicts two white male juveniles on their backs with their genitals exposed. |

5

On February 19, 2006, Investigator Regan went online under the profile "youngyflyerboy" again. Investigator Regan and Webb engaged in further IM conversation. During this conversation, Webb sent Investigator Regan approximately 17 pictures. Some of those pictures depicted young males engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256. Investigator Regan conducted this IM conversation from a secure computer in the District of Columbia and was sent the above-described pictures while in the District of Columbia.

On February 22, 2006, Investigator Regan and your affiant, along with other members of the USAO-DC, and the West Virginia State Police Officers, and an agent from the Federal Bureau of Investigation executed a search warrant at 117 Grant Street, Elkins, West Virginia. During the execution of that warrant your affiant located a computer in Webb's bedroom which contained over 500 images of pre-teen pornography. There were additional computers located at a computer workstation. These computers were the only working computers found at 117 Grant Street, Elkins, West Virginia. One of the computers also contained the image described below, which was sent to "youngyflyerboy" on January 25, 2006.

| | |
|---|---|
| **/!!!!![Preteen Boys} - cum ozzing out of his tight young hole(1).jpg** | This image depicts an older man's hands around the bent over buttocks of a young white male juvenile with the juvenile's anus visible and a white cream dripping from it. |

As noted above, this image was compared with NCMEC's Child Recognition & Identification System (CRIS), and was identified as a known juvenile, (i.e. under age 18), in the database.

On February 22, 2006, USAO-CIU-DC Investigators David Reed and Christopher Brophy interviewed David Webb. Webb admitted ownership of the computer found in his bedroom, and stated that he uses a password to access the computer, and that no one else uses the computer. Webb told the investigators that he used the screen name "xdbiiiiiiiiiiiiiiiiiiiiiiiiiiii" to communicate with "youngyflyerboy." Webb also admitted that he used the screen name "dick face" and admitted that on at least two occasions he sent batches of images to "youngyflyerboy" which contained images of young children and adults. He stated that he has been downloading such images for years, and that he has thousands of such images saved on his hard drive. Webb also states he changed screen names to " xdb2" and has used it to communicate with other Yahoo profiles.

**Jurisdiction**

9. Pursuant to 18 U.S.C. § 2703(a)-(c), a search warrant may be issued for the contents of wire or electronic communications in electronic storage or in a remote computing services and for records concerning electronic communication services or remote computing service "by a court with jurisdiction over the offense under investigation." Further, "[a] court order for disclosure . . . may be issued by any court that is a court of competent jurisdiction . . ." 18 U.S.C. § 2703(d).

10. Pursuant to 18 U.S.C. § 2711(3), "the term 'court of competent jurisdiction' has the meaning assigned by section 3127, and includes any Federal court within that definition, without geographic limitation." In turn, Section 3127 defines the term "court of competent jurisdiction" to mean "any district court of the United States (including a magistrate judge of such a court) . . . having jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A).

### Request for Sealing

11. This criminal investigation is continuing and ongoing. Based on the above and the activities of David Webb, there is reason to believe that disclosure of this application, affidavit, attachment, search warrant or any related document or judicial docket entry may seriously jeopardize the progress of this investigation, result in a destruction of or tampering with the evidence, or endanger the life or physical safety of an individual.

12. Accordingly, I respectfully request that the Court issue an order that the search warrant, affidavit, application, attachment, any related pleading or order, and any judicial docket entry be filed under seal until further order of this Court. Pursuant to 18 U.S.C. §§ 2703(b)(1)(A) and 2705(b), I request that the Court issue an order prohibiting Yahoo and any of its employees and agents from notifying any other person of the existence of this application or search warrant and related materials until further order of the Court.

13. I believe that to determine the identity of those directly supporting the crime of distribution and possession of child pornography, in violation of 18 U.S.C. §§ 2252 and 2252A, it is necessary to seize all e-mail messages and other information stored in the accounts of **xdb2, xdbiiiiiiiiiiiiiiiiiiiiiiiiiiiiii, and dick face** for the following reasons. First, because voluminous amounts of information can be stored in a computer account, the searching authorities must carefully open and examine all the stored data to determine which of the various files are evidence of the crime. This sorting process can be extremely time consuming and would be impractical to do at Yahoo's offices. Second, this sorting process must be done in a controlled environment, due to the extensive array of computer hardware and software that might be necessary for computer experts to analyze the data and to recover all files, while at the same time ensuring the integrity of the data recovered and reducing the possibility of inadvertent modification of the data in question. Such a controlled environment will be provided by the FBI.

14. For these reasons, I request authority to seize all e-mail messages and other content stored in the accounts of **xdb2, xdbiiiiiiiiiiiiiiiiiiiiiiiiiiiiii, and dick face**. U.S. federal law enforcement agents and support employees will review the records sought by the search warrant and will segregate any messages and content constituting evidence of violations of federal criminal law. Additionally, I request that Yahoo be allowed to copy the data outside of this agents' presence.

### Conclusion

15. Based on the forgoing, I respectfully submit that there is probable cause to believe that on the computer systems owned, maintained, and/or operated by Yahoo, headquartered at 701 First Avenue, Sunnyvale, California there exists evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 373, 1203 and 2339B within the e-mail, electronic communications, and other content

stored in or associated with accounts of **xdb2, xdbiiiiiiiiiiiiiiiiiiiiiiiiiiiii, and dick face**.  By this affidavit and application, I request that the Court issue a search warrant directed to Yahoo allowing agents to seize the e-mail and other information stored on the Yahoo servers for those computer accounts and files in accordance with the search procedures described in Attachment A.

                                                                                                  _____

                                                                                                  John Edward Marsh
                                                                                                  Criminal Investigator
                                                                                                  United States Attorney's Office

Sworn and subscribed to before me this \_\_\_\_ day of March, 2006.

_____
United States Magistrate Judge

## ATTACHMENT A

I. **Service of Warrant and Copying of Computer Files by Yahoo**

    A.  The officer or agent executing this warrant shall effect service by any lawful method including faxing the warrant (with Yahoo's consent) to Yahoo's offices at the location specified in the warrant.

    B.  The officer or agent executing this warrant shall permit Yahoo, as custodian of the computer files described in Section II below, to locate the files, copy them onto removable electronic storage media or print them out as paper copies (or use a different copying method if specified in Section II below), and deliver the copies to the officer or agent, who need not be present during this process at the location specified in the warrant.

    C.  Pursuant to 18 U.S.C. § 2703(b)(1)(A), Yahoo and its employees and agents are prohibited from notifying the subscriber(s) of the subject e-mail addresses or accounts or anyone else of the search warrant, application for the search warrant, or any related request.

    D.  The United States Attorney's Office and the U.S. Department of Justice shall not be prohibited from sharing information obtained from this warrant with other law enforcement and intelligence agencies, including foreign governmental agencies, for use in investigations and prosecutions.

II.    **Files and Account to be Copied and Delivered by Yahoo Employees**

Any and all records, content, and other stored information relating to the Yahoo Ids **xdb2, xdbiiiiiiiiiiiiiiiiiiiiiiiiiiiii, and dick face,** including the following:

    A.    Any and all e-mails and their content, including any attachments, sent or received by or through the account, whether saved or deleted, whether contained directly in the e-mail account or in a customized "folder";

    B.    a complete log file of all activity relating to the account (including dates, times, method of connection, port, dial-up, registration IP address, and/or location);

    C.    Any and all records of subscriber account preferences maintained by, or related to, the account(s);

    D.    Any and all e-mail addresses listed in the account'(s) buddy list and address book, as well as aliases;

    E.    Any and all contents of electronic files that the subscriber has stored in the subscriber's Photos and Briefcase areas.

   In addition to material presently in the mailboxes, Yahoo should provide data preserved, at the request of the USAODC pertaining to the above account. Copies of the above-described records and stored information should be obtained from original storage and provided on CD-R (CD-Recordable) media.